# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Larry Julian Martin, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:11-2290-RMG |
| vs. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying him disability insurance benefits under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to the United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation on September 24, 2012 recommending that the Commissioner's decision be reversed and remanded. (Dkt. No. 24). The Commissioner filed objections to the Report and Recommendation and Plaintiff filed a reply. (Dkt. Nos. 27, 28). After a careful review of the record, the decision of the ALJ, the Commissioner's objections, and the applicable legal standards, the Court adopts the Report and Recommendation of the Magistrate Judge, reverses the decision of the Commissioner and remands the matter to the Commissioner for further action consistent with this order.

## Legal Standards

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings . . . ." *Vitek*, 438 F.2d at 1157–58. Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## Discussion

Plaintiff, who formerly performed work as a carpenter, has not engaged in substantial gainful employment since he fell off a roof ten to fifteen feet after being struck by lighting. He was admitted to the Medical University of South Carolina Hospital on September 1, 2008 with a diagnosis of first- and second-degree burns to his bilateral upper extremities and a history of a five- to six-hour loss of consciousness. Transcript of Record ("Tr.") at 34, 206. A CT scan of Plaintiff's cervical spine, taken in the course of his twelve day hospitalization following his fall, revealed a "minimally displaced fracture" at C-7, a posterior disc bulge and herniation at C4-C5, and a disc bulge at C5-C6 that narrowed the anterior subarachnoid space. Tr. at 238. Plaintiff has continued to experience significant difficulties with the use of his dominant right hand since his fall, and there appears to be no dispute that he has a permanent contracture of the right middle finger that renders him unable to perform his prior relevant work. Tr. at 18, 21, 36, 42. In fact, Plaintiff testified without contradiction that his permanent hand injury makes it "hard for me to tie my shoe now." Tr. at 42. Plaintiff has also been diagnosed with HIV, renal vein thrombosis, and shingles. Tr. at 18, 36, 40, 209, 280.

The Administrative Law Judge ("ALJ") found that Plaintiff's contracture of his right middle finger was a "severe impairment" but that his HIV, shingles, and renal thrombosis were "non-severe impairments." Tr. at 18. The ALJ did not address Plaintiff's abnormal cervical CT scan of September 1, 2008 or his testimony that he experiences pain and weakness in his neck, shoulders, and upper body. Tr. at 37, 43, 44. Further, the ALJ never evaluated Plaintiff's severe and non-severe impairments in combination to determine the combined effect of his various medical impairments.

The ALJ, in the course of making the required five-step analysis required under 20 C.F.R. § 404.1520, found that Plaintiff had the residual functional capacity to sit or stand six to eight hours per day "with the freedom to change positions every 30 minutes." Tr. at 19. Despite this finding, the ALJ, in propounding a hypothetical question for the vocational expert regarding the availability of available jobs in the national economy for Plaintiff, failed to include a requirement that Plaintiff must be free to change positions every thirty minutes. Tr. at 49.

The Magistrate Judge recommended that the Commissioner's decision be reversed and remanded on two separate grounds. First, the Magistrate Judge found that the hypothetical question to the vocational expert was deficient because it omitted the requirement set forth by the ALJ in the residual functional capacity determination that the claimant be free to change positions every thirty minutes. (Dkt. No. 24 at 14-16). Second, the Magistrate Judge found that the ALJ had failed to consider Plaintiff's severe and non-severe impairments in combination, as required by statutory and regulatory law. (*Id.* at 17-20). The Court addresses each of these issues below.

### A. The ALJ's Deficient Hypothetical Question

The Commissioner does not dispute that the ALJ's order included a requirement that the claimant be free to change positions every thirty minutes or that under normal circumstances it would be improper not to have included this requirement in the vocational expert's hypothetical question. Instead, the Commissioner argues that the inclusion of the change of position requirement in the residual functional capacity assessment "appears to have been inadvertently included in the ALJ's residual functional capacity assessment." (Dkt. No. 27 at 1). The Commissioner goes on to argue that if the change of position requirement in the RFC assessment

was in error, then it would have been unnecessary to include it in the hypothetical question to the vocational expert.

The Court finds this speculation by the Commissioner mystifying and unpersuasive. The Court is not a mind reader and must evaluate the Commissioner's decision on the order submitted rather than the one imagined. There is no question that there is error in the order, and the Court will reverse the decision and remand the matter to the administrative agency to sort this all out. For now, the Court finds that reversal is necessary because the hypothetical question to the vocational expert is deficient since it fails to include a material element of the residual functional capacity finding.

### B. The Failure to Consider Plaintiff's Impairments in Combination

A fundamental principle of Social Security disability law is that the Commissioner must consider "the combined effect of all of the [claimant's] impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B); *see also* 20 C.F.R. § 404.1523; *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). Another basic principle of Social Security disability law is that the Commissioner will weigh all medical evidence and opinions in making his disability determination. 20 C.F.R. §§ 404.1527(c), 404.1545(a)(3).

The Magistrate Judge correctly identifies the failure of the Commissioner to evaluate the Plaintiff's severe and non-severe impairments in combination. Moreover, the ALJ omits to address the spinal abnormalities documented in the September 1, 2008 cervical spine CT scan and Plaintiff's complaints of persisting neck and upper body pain and weakness following his fall. Reversal is necessary to allow for a full consideration by the Commissioner on remand of

the combined effects of all impairments, including the spinal cord issues as well as the other severe and non-severe impairments referenced by the ALJ in her order.

## Conclusion

Therefore, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 24) and **REMANDS** this matter to the Commissioner for further action consistent with this order.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

October 24, 2012
Charleston, South Carolina