# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Julian Martin, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Michael J. Astrue, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>)<br>_____ ) | Civil Action No. 1:11-2390-RMG<br><br><br><br>**ORDER** |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 31). Plaintiff seeks an award of $4,300.17 based upon 26.75 hours of attorney's time compensated at $160.00 per hour ($4,280.00) and costs of $20.17. (Dkt. Nos. 31-2).[1] Plaintiff asserts he is entitled to an award under EAJA because the Defendant's position in the Social Security disability appeal was not substantially justified and the amount of fees and costs requested are reasonable. (Dkt. No. 31-2). Defendant opposes an award under EAJA, arguing that the Government's position was substantially justified. (Dkt. No. 32).

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its

---

[1] The itemized statements relating to the Plaintiff's attorney fees and costs request a total award under EAJA of $4,300.17 (Dkt. No. 31-2), but the "Conclusion" section of the motion requests a slightly higher amount. (Dkt. No. 31-1). The Court has relied upon the itemized statement to set the amount of the award.

litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 565-566 (1988).

In this matter, the Court reversed the denial of disability benefits because the Administrative Law Judge ("ALJ") posed an improper hypothetical question, failed to consider the Plaintiff's severe and non-severe impairments in combination, and did not address spinal abnormalities documented in a September 1, 2008 cervical spine CT. (Dkt. No. 29 at 4-6). These errors by the ALJ constituted matters of well settled law in the area of Social Security disability law, and the Court finds that the Government cannot carry its burden of showing that its position was substantially justified. Thus, the Plaintiff is entitled to an award of attorney's fees and costs under EAJA.

The Defendant has not challenged the Plaintiff's asserted hours or rate of compensation. The Court has, however, made an independent review of itemized Plaintiff's attorney time and rates and litigation costs ( Dkt. No. 31-2) and finds them reasonable and in accord with applicable law. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Therefore, the Court **GRANTS** Plaintiff's motion for attorney's fees and costs under EAJA (Dkt. No. 31) in the amount of $ 4,300.17. The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to the office of Plaintiff's counsel.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 25, 2013